Leroy J. PETERSON, Petitioner,

v.

Charles W. GAUGHAN, Superintendent, Massachusetts Correctional Institution.

Misc. Civ. No. 66–38–C.

United States District Court
D. Massachusetts.

June 24, 1968.

John D. O'Reilly, III, Boston, Mass., for plaintiff.

Willie Davis, Asst. Atty. Gen., Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This matter arose out of a petition for habeas corpus filed in this court by the petitioner which was dismissed without prejudice on June 19, 1967, in order to allow the courts of the Commonwealth of Massachusetts to consider the allegations made therein in the light of Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), and In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Thereafter, substantially the identical petition was filed before a single Justice of the Supreme Judicial Court of Massachusetts who, at the request of the parties, reserved decision and reported the case to the full bench on the petition, return, and a stipulation made by the parties. The matter was briefed and argued before the Supreme Judicial Court which handed down an opinion, on April 3, 1968, dismissing the petition. Peterson, Petitioner, Mass.1968, 236 N.E.2d 82. The underlying facts are set out in that opinion. The facts are also recited in an earlier opinion of the Supreme Judicial Court, Commonwealth v. Peterson, 348 Mass. 702, 205 N.E.2d 719, cert. denied 384 U.S. 909, 86 S.Ct. 1347, 16 L.Ed.2d 361 (1965).

■ Thereafter, a motion to reopen the previously dismissed case in this court was allowed, and by agreement it was submitted, without hearing, on the record before the Supreme Judicial Court plus supplemental memoranda of law filed herein. Townsend v. Sain, 372 U.S. 293, at 318, 83 S.Ct. 745, 9 L.Ed.2d 770 requires this Court to apply federal law to the agreed facts independently of the rulings made by the Supreme Judicial Court.

Petitioner's position is that his confinement is illegal and unconstitutional, in that

(1) Mass.G.L. ch. 123A, sec. 6, by its terms and operation does not provide for equal protection of the law;

(2) Mass.G.L. ch. 123A, sec. 6, is void for vagueness; and

(3) petitioner was not afforded due process at his committal hearing.

■ With regard to petitioner's claim that he has been denied equal protection of the laws because Ch. 123A, sec. 6, applies only to persons serving a criminal sentence and does not extend to "sexually dangerous" persons not serving criminal sentences, it should be noted that the equal protection clause proscribes only laws containing irrational and arbitrary classifications. McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393. In State of Minnesota ex rel. Pearson v. Probate Court of Ramsey County, 309 U.S. 270, 60 S.Ct. 523, 84 L.Ed. 744 (1940), the Supreme Court upheld the constitutionality of Chapter 369 of the laws of Minnesota of 1939, despite a contention that the statute denied equal protection of the laws as an unreasonable classification because it selected a group for special treatment which was part of a larger class, i. e., a group defined as those having a "psychopathic personality" because of the "existence in any person of such conditions of emotional instability, or impulsiveness of behavior, or lack of customary standards of good judgment, or failure to appreciate the consequences of his acts, or a combination of any such conditions, as to render such person irresponsible for his conduct with respect to sexual matters and thereby dangerous to other persons." The Supreme Court observed (at p. 274, 60 S.Ct. at p. 526):

"The question, however, is whether the legislature could constitutionally make a class of the group it did select. That is, whether there is any rational basis for such a selection. We see no reason for doubt upon this point. * * * The class it did select is identified by the state court in terms which clearly show that the persons within that class constitute a dangerous element in the community which the legislature in its discretion could put under appropriate control. * * * If

the law 'presumably hits the evil where it is most felt, it is not to be overthrown because there are other instances to which it might have been applied.' "

Mass.G.L. ch. 123A, in section 6, with reference to persons who have come to the attention of law enforcement officials by reason of any criminal conviction, and in section 4, with reference to persons who have come to the attention of law enforcement officials by reason of conviction of various sex offenses, makes a classification embracing both groups, whose misconduct of one type or the other "has brought them under the scrutiny of the Commonwealth," (236 N.E.2d p. 85), and as indicated in Minnesota v. Probate Court of Ramsey County, supra, (at 275, 60 S.Ct. at 526),

> "The legislature is free to recognize degrees of harm and it[1] may confine its restrictions to those classes of cases where the need is deemed to be clearest."

■ I rule that Mass.G.L. ch. 123A, section 6, is neither arbitrary nor unreasonable in its reaching that portion of the sexually dangerous element in the community whose commission of a crime has brought it to the attention of law enforcement authorities.

■ There is no merit in petitioner's contention that the statute is void for vagueness. Minnesota v. Probate Court of Ramsey County, supra. The persons to whom the statute extends are properly defined in Ch. 123A, section 1, the language of which is sufficiently definite when measured by common understanding and practice. Cf. Jordan v. De-George, 341 U.S. 223, 71 S.Ct. 207, 95 L.Ed. 645 (1951); Chaplinsky v. State of New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942).

With regard to petitioner's claim that due process was denied him, it should be noted that he was represented by experienced counsel at the hearing in the Superior Court, that four witnesses testified in open court, that three were cross-examined by petitioner's then counsel, and that cross-examination was waived as to the fourth witness. It should further be noted that petitioner had advance notice of the hearing and the nature of the charges he would be called upon to meet. Section 5 of chapter 123A provides that prior to the hearing "such person shall be entitled to have process issued out of the court to compel the attendance of witnesses in his behalf." This procedure, although available, was not utilized by counsel for the petitioner.

■ It should be noted further that neither petitioner nor his counsel made any request for a continuance for the purpose of bringing in under subpoena any of the persons who were the original source of certain hearsay statements adduced at the hearing to which petitioner now objects or any other witnesses. In addition, the Superior Court judge admitted certain items of hearsay on a *de bene* basis and invited counsel for petitioner to make an appropriate motion at the conclusion of the particular witness' testimony. This invitation went unaccepted, and it is familiar law that evidence admitted *de bene* which is not later made the subject of a motion to strike is properly part of the evidence in the case. Commonwealth v. Johnson, 199 Mass. 55, 59, 85 N.E. 188; Commonwealth v. Sheppard, 313 Mass. 590, 595, 48 N.E.2d 630; Commonwealth v. Beaulieu, 333 Mass. 640, 650, 133 N.E.2d 226.

■■ Over and above these items of hearsay, two qualified psychiatrists testified unequivocally and with no reservations whatsoever that in their opinion the petitioner was a sexually dangerous person. Both of these doctors had personally examined petitioner and their expert opinions were premised partially on these examinations and interviews and partially on other information made available to them. Again, it is elementary law that the opinion of an expert may be properly received in evidence even though it is partially founded on hearsay. See Potter v. John Bean Division of Food Machinery & Chemical Corp., 344 Mass. 420, 424, 182 N.E.2d

834; United States v. Cannon, 116 F.2d 567 (1st Cir., 1941); see also Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); In re Mundy, 97 N.H. 239, 85 A.2d 371 (1952); Director of Patuxent Inst. v. Daniels, 243 Md. 16, 221 A.2d 397 (1966).

It appearing that petitioner is not in custody of respondent in violation of any claimed legal or constitutional rights, the petition for writ of habeas corpus must be dismissed.

Order accordingly.