COMMONWEALTH vs. ROGER E. DESROCHES.

No. 89-P-261.

Bristol.   September 14, 1989. — October 26, 1989.

Present: DREBEN, KAPLAN, & FINE, JJ.

*Sex Offender. Practice, Criminal,* Sentence. *Practice, Civil,* Sex offender.

Where a judge who had already ordered a criminal defendant committed to
    the treatment center for sexually dangerous persons at M.C.I., Bridge-
    water, for evaluation imposed sentence on the defendant prior to a second
    judge's conducting a hearing to determine if the defendant was a sexually
    dangerous person, and where the defendant's right under G. L.
    c. 123A, § 1, to such a hearing before any determination that he was a
    sexually dangerous person and imposition of sentence was a substantial
    right entitled to protection, this court vacated both the sentence and the
    commitment and remanded both matters to the second judge to exercise
    his discretion on the related determinations of the appropriate sentence
    for the sexual offense and whether the defendant should be committed
    to the treatment center as a sexually dangerous person. [868-871]

PETITION for commitment filed in the Superior Court Depart-
ment on January 11, 1989.

The case was heard by *Cortland A. Mathers, J.*

*Robert S. Ovoian* for the defendant.

*Cynthia A. Vincent,* Assistant District Attorney, for the Com-
monwealth.

FINE, J. We must decide what consequences, if any, flow
from a departure from the required procedure set forth in G. L.
c. 123A, § 5, for commitment to the treatment center for
sexually dangerous persons at M.C.I., Bridgewater (treatment
center).

On May 3, 1988, the respondent, Roger Desroches, pleaded
guilty to three indictments, including one for a "sexual offense"
(G. L. c. 123A, § 1), before a judge of the Superior Court.
Sentencing was postponed. On May 24, 1988, on motion of the

Commonwealth, the judge committed Desroches to the treatment center for evaluation for a period not to exceed sixty days under G. L. c. 123A, § 4, and the case was continued to July 25, 1988, for disposition. No report having been filed by the treatment center by that date, the commitment was extended, and a further continuance was ordered. On August 18, 1988, the treatment center reports were filed. On September 8, 1988, the case was before the same judge for both sentencing and a hearing to determine if Desroches was a sexually dangerous person (SDP hearing). Desroches requested additional time to prepare for the SDP hearing, and the matters were again continued to September 29, 1988. Desroches was still not prepared for the SDP hearing on September 29th. The judge who had heard the case up until this point was to retire on the following day upon reaching the age of seventy. There is no indication that Desroches' request for a continuance of the SDP hearing was unreasonable. Although Desroches objected, the judge sentenced him on September 29, 1988, on the sexual offense charge to a four to six year term at M.C.I., Cedar Junction, and he continued the SDP hearing to a later date before another judge.

The SDP hearing was held in January of 1989 before a second judge who found Desroches to be a sexually dangerous person and committed him to the treatment center for one day to life. In announcing his decision, the second judge made the comment that he believed that Desroches was "controllable, so long as he receive[d] therapy. But you'd have to have a way of insuring that he was constant in his attention to therapy, and [the first judge's] sentence gets in the way of that."

On December 5, 1988, Desroches had filed a motion for a protective order seeking to have further proceedings suspended on the ground, among others now waived, that it was error under G. L. c. 123A, § 5, for the judge to impose sentence prior to the SDP hearing. No claim is now made that either the SDP determination or the sentence was not otherwise legally warranted. From the denial of the motion for a protective order, Desroches appealed. He seeks to have the order of commitment to the treatment center vacated. We find merit in Desroches'

substantive contentions but adopt a resolution different from that which he is seeking.

General Laws c. 123A, § 5, as amended by St. 1985, c. 752, § 1, concerns the holding of an SDP hearing after conviction for a sexual offense and examination of the offender at the treatment center. In relevant part, it states: "If the court finds *upon such hearing* that the person is a sexually dangerous person, it shall sentence such person as provided by law for the original offense and may also commit such person to the [treatment] center . . ." (emphasis supplied). Thus, in a case in which a commitment to the treatment center is being considered, the statute requires that an SDP hearing precede both any determination that the individual is a sexually dangerous person and the imposition of sentence. That is not what happened in this case.

The reason for the departure from the required procedure was one of convenience based upon the impending retirement of the first judge. Having presided over the plea proceedings, the first judge would normally have been the most appropriate judge to assess punishment, and it would have been impossible for him to do so on any later date. On the other hand, it was not a matter of necessity that the first judge impose sentence. As the SDP hearing was being continued to be heard by another judge, so too could the matter of sentencing have been put over for decision by that other judge upon a review of the transcript of the plea hearings. There is express authority in the Massachusetts Rules of Criminal Procedure for a judge to impose sentence in a criminal case heard earlier by another judge who is unable to proceed because of a disability. Mass.R.Crim.P. 38(c), 378 Mass. 916 (1979).

We recognize that not every avoidable departure from the requirements of a procedural rule or statute justifies reversal of an otherwise proper order. See *Commonwealth* v. *A Juvenile (No. 2)*, 396 Mass. 215, 224 (1985). The question is whether the departure has caused prejudice or, if actual prejudice cannot be shown, whether the right denied is substantial. See *Commonwealth* v. *A Juvenile (No. 2)*, 384 Mass. 390, 392 (1981). We think here actual prejudice may have been shown, but, in any event, a substantial right was denied.

A judge's determination of an appropriate criminal sentence in a particular case involves a weighing of several considerations, including punishment, deterrence, protection of the public, and rehabilitation. As the limits of a permissible sentence for a particular offense set by the Legislature are generally broad, a judge has considerable discretion in deciding, among other things, whether an offender should be incarcerated and, if so, for how long. Whether to take the grave step of committing a person, possibly for life, to the treatment center, assuming the evidence supports a determination beyond a reasonable doubt that he is a sexually dangerous person, also involves a sensitive exercise of discretion. See *Commonwealth* v. *Thibodeau,* 366 Mass. 452, 455 (1974); *Commonwealth* v. *Walsh,* 376 Mass. 53, 56 (1978); *Gomes* v. *Gaughan,* 471 F.2d 794, 798 (1st Cir. 1973). Both the protection of the public and rehabilitation of the offender are relevant considerations. See *Commonwealth* v. *Rodriguez,* 376 Mass. 632, 646 (1978).

There is an obvious interrelationship and overlap of goals between the two determinations, and it makes sense for them to be made at the same time on the basis of the full information which an SDP hearing would provide. An offender may well benefit from such a procedure. After considering both matters, a judge may opt only for a criminal sentence or may opt for commitment to the treatment center with a less severe criminal sentence than he might otherwise have imposed. Although it is not clear what the second judge meant when he referred to the first judge's sentence as "get[ting] in the way," the remark suggests that, but for that sentence, the sexually dangerous person determination might have been different.[1]

The language of G. L. c. 123A, both before and after the 1985 amendment, indicates that the Legislature understood the importance of the relationship between the sentencing and commitment decisions and purposefully required that the imposition of sentence not precede the SDP hearing. Both versions require

---

[1] The second judge might, for example, have found Desroches not to have been a sexually dangerous person and imposed a period of probation, with or without a period of time to be served, with the receipt of therapy as a condition of the probation.

that, if, upon conviction, commitment is considered, any sentencing must await the determination of sexual dangerousness. Before the 1985 amendment (see St. 1958, c. 646, § 1), a judge under § 5 had the option, after conviction and an SDP hearing, of committing a sex offender to the treatment center and not imposing any criminal sentence. Although in 1985 the Legislature amended the statute to require that a convicted sex offender receive some sentence (see St. 1985, c. 752, § 1), we do not construe the amendment to mean that the sexually dangerous person determination might not affect the sentence, or vice versa. We can conceive of no purpose for the requirement that any sentence be imposed after the SDP hearing except to have the judge consider the two matters in relation to each other.

The 1985 amendment to G. L. c. 123A, § 6, lends further support to that view. Under the former version of § 6 (see St. 1958, c. 646, § 1), if an individual serving a sentence appeared to one of a number of designated correction or prosecutorial authorities to be a sexually dangerous person, that individual could, after examination and a hearing, be committed to the treatment center as a sexually dangerous person. Thus, a sexual offender could be sentenced for his offense and then, later, after serving some or all of his sentence, based upon evidence of the original offense and without any intervening sexual misconduct, be found to be a sexually dangerous person and committed for one day to life to the treatment center. In several appellate decisions, such delayed treatment center commitments were upheld in the face of claims of double jeopardy and other constitutional violations. See *Commonwealth* v. *Dagle*, 345 Mass. 539, 541-542, cert. denied, 375 U.S. 863 (1963); *Commonwealth* v. *Peterson*, 348 Mass. 702, 704 (1965), cert. denied, 384 U.S. 909 (1966); *Commonwealth* v. *Barboza*, 387 Mass. 105, 115, cert. denied, 459 U.S. 1020 (1982); *Gomes* v. *Gaughan*, 471 F.2d at 797. The present version of § 6, as amended by St. 1985, c. 752, § 1, on the other hand, permits a commitment to the treatment center after sentencing only in the event of further sexually assaultive behavior while the individual is in custody. The effect of the 1985

amendments, thus, was to recognize the unfairness of such untimely commitments as were being made under the statute and to eliminate their possibility in future cases.

There is a similar potential for unfairness if, after sentencing and without any new sexual misconduct, the possibility of a future indeterminate commitment to the treatment center is left open. Thus, the presumed legislative purpose of the 1985 amendment would extend to a case such as the present one.

The Commonwealth lays stress on the notion that different issues are involved in the sentencing and commitment determinations and notes that they were recognized in *Commonwealth* v. *Barboza*, 387 Mass. at 115, as being separate and distinct for double jeopardy purposes. That the two proceedings may serve different goals and be separate for some purposes, however, does not mean that a defendant may not benefit from having the two matters considered together or that legislation requiring that they be so considered does not create substantial rights.

We do not agree with Desroches that the appropriate remedy is for us to order that the commitment to the treatment center be vacated, leaving only the criminal sentence in place. The error was for the two matters to be considered separately. Thus, instead, we vacate both the sentence *and* the commitment and remand both matters to the second judge so that he may exercise his discretion on the related matters of the appropriate sentence for the sexual offense and whether Desroches should be committed to the treatment center as a sexually dangerous person. He may exercise that discretion without further hearing upon a review of the plea transcript and the evidence presented at the 1989 SDP hearing, or, if he chooses, he may permit the record of the SDP hearing to be supplemented by such additional evidence as either party may now wish to offer.

*So ordered.*