COMMONWEALTH vs. LOUIS L. GODFROY.

Middlesex. December 6, 1994. - June 15, 1995.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal*, Appeal, New trial, Sentence. *Sex Offender. Practice, Civil*, Sex offender.

Under the provisions of G. L. c. 123A, § 5, as in effect in 1987 at the time a defendant pleaded guilty to two counts of rape and abuse of a child, the judge erred in sentencing the defendant before conducting the hearing to determine whether the defendant was a sexually dangerous person [564-565], and where the defendant was thus deprived of a substantial right, which the defendant did not knowingly waive, he was not required to demonstrate prejudice [565-566]: the appropriate remedy was to vacate both the sentence and the commitment to the treatment center and, in light of the enactment of St. 1990, c. 150, § 304, to remand the matter for resentencing only [566-568].

INDICTMENTS found and returned in the Superior Court Department on December 17, 1986.

A motion for release from unlawful restraint, filed on November 24, 1993, was considered by *Robert A. Barton*, J.

The Supreme Judicial Court granted an application for direct appellate review.

*Nona E. Walker*, Committee for Public Counsel Services, for the defendant.

*William J. Duensing*, Assistant Attorney General, for the Commonwealth.

O'CONNOR, J. In 1986, the defendant was charged in one indictment with two counts of rape and abuse of a child and in a second indictment with two counts of indecent assault and battery on a child. He pleaded not guilty to those charges. In 1987, the defendant retracted his not guilty pleas and offered to plead guilty to all the charges. Although we have not been provided with a transcript of the plea hearing,

the parties appear to agree that the prosecutor and defense counsel agreed to a sentencing recommendation and that, on April 21, 1987, after accepting the guilty pleas, the judge followed that recommendation. The judge imposed a general sentence of from seven to fifteen years at Massachusetts Correctional Institution (M.C.I.), Cedar Junction on the two counts of rape and abuse of a child. He placed the indecent assault and battery charges on file with the defendant's consent.

Also on April 21, 1987, at the time of sentencing, the judge committed the defendant pursuant to G. L. c. 123A, § 4, to the treatment center for sexually dangerous persons at the M.C.I. at Bridgewater (treatment center) for a sixty-day period of observation to determine whether the defendant was a sexually dangerous person. Then, on July 22, 1987, after a hearing pursuant to G. L. c. 123A, § 5, the judge found the defendant to be a sexually dangerous person and ordered that he be committed to the treatment center "for a term of not less than one day to a maximum of his natural life." Before us, the parties appear to disagree as to whether the prosecutor and defense counsel had agreed prior to sentencing that at the time of sentencing the defendant would be committed to the treatment center for a sixty-day observation period to be followed by a hearing pursuant to G. L. c. 123A, § 5. In any event, the defendant now represents that, at the time of sentencing and commitment for sixty-days' observation, he personally was unaware of, and did not knowingly waive, the right, which he now asserts, to a delay of sentencing until after the completion of the sixty-day observation period and a subsequent court hearing relative to his sexual dangerousness. Nothing in the record brought to our attention conflicts with the defendant's representation.

Approximately six years later, in early 1993, the defendant filed a pro se motion for release from unlawful restraint pursuant to Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979), based on the following grounds: (1) that the procedure followed in his sentencing and commitment to the treatment center did not satisfy statutory requirements, and (2) that his

continued commitment to the treatment center for from one day to life, in light of the 1990 amendment to G. L. c. 123A, which eliminates all new commitments, violates his right to due process and equal protection of the law. The sentencing judge denied the defendant's pro se motion. Several weeks later, newly appointed counsel for the defendant filed a motion to reconsider, which the judge also denied with the following endorsement: "Motion denied without a hearing. The defendant, represented by counsel, agreed to the procedure followed in this case. There was no prejudice to the defendant." The defendant did not seek appellate review of the denial of either motion.

Late in 1993, the defendant, represented by counsel, filed a second motion for release from unlawful restraint pursuant to rule 30 (a). The motion was based on the same grounds as was the defendant's first motion. The judge denied the motion "[a]fter consideration" but without a hearing. The defendant filed a timely claim of appeal and we granted the defendant's application for direct appellate review.

First, we address the Commonwealth's argument that the appeal is not properly before us. Relying on *Commonwealth v. DeChristoforo*, 371 Mass. 26, 32-33 (1976), the Commonwealth's argument is that, because the defendant's asserted grounds for relief under rule 30 (a) were identical in the defendant's first and second motions, and the defendant failed to appeal either from the judge's order denying the first motion or from the order denying the motion for reconsideration, the defendant cannot now, in effect, challenge the correctness of those rulings by appealing from the denial of the second motion. We decline to adopt the Commonwealth's position and we shall proceed to the merits of this appeal. If we were to refuse to review this case on the merits, the defendant would be entitled under the due process clause of the Fourteenth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights to raise the issues he seeks to raise in this appeal by a motion for a new trial under Mass. R. Civ. P. 30 (b), 378 Mass. 900 (1979), based on alleged ineffectiveness of defense counsel in

having failed to appeal from the denial of the first motion and the motion to reconsider. See *Commonwealth* v. *Cowie*, 404 Mass. 119, 122-123 (1989).[1] No legitimate purpose would be served by our requiring the defendant to file another motion raising the same issues raised previously and then to appeal from an adverse ruling.

The following two questions are presented in this appeal: (1) whether under the provisions of G. L. c. 123A, § 5, as in effect at the time of the defendant's pleas of guilty, the trial judge improperly imposed sentence on the defendant prior to conducting a hearing to determine whether he was a sexually dangerous person; (2) whether, in view of our answer to that question and in light of the Legislature's amendment to G. L. c. 123A, the defendant's commitment now as a sexually dangerous person would be improper. We answer both questions, "Yes." Accordingly, we reverse in part and remand the case to the Superior Court for further proceedings consistent with this opinion.

The defendant argues that under the provisions of G. L. c. 123A, § 5, as in effect at the time of his guilty pleas, it was error for the judge to sentence him before conducting the hearing to determine whether he was a sexually dangerous person. We agree. The procedure followed in sentencing the defendant and committing him as a sexually dangerous person did not conform to G. L. c. 123A, § 5, as appearing in

---

[1]Rule 30 (a) and rule 30 (b) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 900 (1979), provide as follows:

"(a) Unlawful Restraint. Whoever is imprisoned or restrained of his liberty pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving upon the ground that his confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts.

"(b) New Trial. The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done. Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law."

St. 1985, c. 752, § 1. Section 5, as in effect at the time the defendant pleaded guilty, provided in relevant part: "If, after a person's sixty day period of observation, the report filed with the court by the two qualified examiners clearly indicates that the person is a sexually dangerous person, the court shall give notice to such person that a hearing will be held to determine whether or not he is a sexually dangerous person. . . . If the court finds upon such hearing that the person is a sexually dangerous person, it shall sentence such person as provided by law for the original offense and may also commit such person to the center, or branch thereof, for an indeterminate period of a minimum of one day and a maximum of such person's natural life." "Thus, in a case in which a commitment to the treatment center is being considered, the statute requires that [a sexually dangerous person] hearing precede both any determination that the individual is a sexually dangerous person and the imposition of sentence." *Commonwealth* v. *Desroches*, 27 Mass. App. Ct. 866, 868 (1989). In the instant case, the trial judge sentenced the defendant to a term of from seven to fifteen years on April 21, 1987. On the same date, the judge ordered him committed to the treatment center for sixty-days observation. Approximately two and one-half months later, the judge, after a hearing, determined that he was a sexually dangerous person and committed him to the treatment center for from one day to life. This was error.

The defendant further argues that the procedure followed deprived him of a substantial right and that, therefore, he is entitled to reversal without a showing of prejudice. The defendant is correct. *Commonwealth* v. *Desroches*, *supra*, held that the procedural rule of G. L. c. 123A, § 5, that a sexually dangerous person hearing must precede both sentencing and a determination of sexual dangerousness, described a "substantial right." The court reasoned that while sentencing and commitment determinations are separate matters, "[t]here is an obvious interrelationship and overlap of goals between the two determinations, and it makes sense for them to be made at the same time on the  basis of the full infor-

mation which [a sexually dangerous person] hearing would provide." *Id* at 869. The court noted that a defendant could benefit from such a procedure: "After considering both matters, a judge may opt only for a criminal sentence or may opt for commitment to the treatment center with a less severe criminal sentence than he might otherwise have imposed." *Id.* There is a "potential for unfairness if, after sentencing and without any new sexual misconduct, the possibility of a future indeterminate commitment to the treatment center is left open." *Id.* at 871. Because the judge in the instant case imposed the sentence without the "full information" that the sexually dangerous person hearing would provide two and one-half months later, the defendant was deprived of a substantial right. As a result, the defendant need not show prejudice. *Commonwealth* v. *Desroches*, *supra* at 868 (although actual prejudice may have been shown, where substantial right was denied, reversal was required without a showing of prejudice). *Commonwealth* v. *A Juvenile (No. 2)*, 384 Mass. 390, 393 (1981). Furthermore, it is immaterial that the sentence was in accord with the parties' agreed recommendation. We cannot be confident that, if the sentencing had been delayed as required by G. L. c. 123A, § 5, a shorter sentence would not have been recommended or, despite the judge's "no prejudice" endorsement on the defendant's motion to reconsider in 1993, the judge would not have imposed either a shorter sentence as a result of information gleaned at the sexually dangerous person hearing or a longer sentence but no commitment. Lastly, we observe, contrary to the Commonwealth's argument, that because the defendant's right at issue in this case is a substantial one, see *Commonwealth* v. *Desroches*, *supra* at 868, any waiver of this right would have to be knowing, intelligent and voluntary, and here, for all that appears, that right was not brought to the defendant's personal attention by counsel or otherwise before sentencing and commitment under G. L. c. 123A, § 5. No waiver has been established.

We now consider the appropriate remedy. In *Commonwealth* v. *Desroches*, *supra* at 871, the Appeals Court re-

fused to vacate the defendant's commitment without also vacating the criminal sentence. In concluding that, on remand, the sentencing and commitment determinations would have to be made simultaneously, the Appeals Court reasoned: "We can conceive of no purpose for the requirement that any sentence be imposed after the [sexually dangerous person] hearing except to have the judge consider the two matters in relation to each other. . . . That the two proceedings may serve different goals and be separate for some purposes . . . does not mean that a defendant may not benefit from having the two matters considered together . . . . We do not agree with [the defendant] that the appropriate remedy is for us to order that the commitment to the treatment center be vacated, leaving only the criminal sentence in place. The error was for the two matters to be considered separately. Thus, instead, we vacate both the sentence *and* the commitment and remand both matters to the [trial] judge so that he may exercise his discretion on the related matters of the appropriate sentence for the sexual offense and whether [the defendant] should be committed to the treatment center as a sexually dangerous person." *Id.* at 870-871.

We agree with the Appeals Court's reasoning. Therefore, we vacate both the defendant's sentence and his commitment and remand the matter to the Superior Court. Were it not for the enactment of St. 1990, c. 150, § 304, the question before the judge, on remand, would be whether the defendant is presently sexually dangerous such that commitment to the treatment center, along with the imposition of a criminal sentence, is appropriate. See *Commonwealth* v. *Travis*, 372 Mass. 238, 248 (1977) (person may not be legally confined under G. L. c. 123A unless presently sexually dangerous). However, with the enactment of St. 1990, c. 150, § 304, no one can presently be classified as sexually dangerous and there can be no new commitments to the treatment center. *Commonwealth* v. *Arment*, 412 Mass. 55, 57 n.2 (1992). Therefore, under the current statutory scheme, commitment now would be inappropriate. Accordingly, we remand to the Superior Court for resentencing only. The new sentence shall

be no longer than the sentence that was originally imposed, and the defendant is entitled to credit for time served. See *North Carolina* v. *Pearce*, 395 U.S. 711, 717-719, 723-725 (1969).

*So ordered.*

Justice Nolan participated in the deliberation on this case, but retired before the opinion was issued.