## Commonwealth vs. Frederick E. Trussell.

No. 06-P-130.

Suffolk. October 19, 2006. - March 13, 2007.

Present: McHugh, Cohen, & Katzmann, JJ.

*Appeals Court,* Appeal from order of single justice. *Practice, Criminal,* Appeal. *Notice,* Timeliness. *Rules of Appellate Procedure.*

A single justice of the Appeals Court did not abuse his discretion in allowing a motion to extend the filing deadline of a notice of appeal following the criminal defendant's conviction, where the failure to file a timely appeal resulted from an act or omission of counsel to which the defendant did not assent, knowingly or otherwise. [454-460]

COMPLAINT received and sworn to in the Dorchester Division of the Boston Municipal Court Department on September 19, 2002.

The case was tried before *Michael J. Coyne,* J.

A motion to file a late notice of appeal was considered by *Rapoza,* J., in the Appeals Court, and a motion for reconsideration was also considered by him.

*Geoffrey S. Waller, II,* for the defendant.

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.

McHugh, J. Following his conviction in the District Court for a motor vehicle offense, the defendant filed a notice of appeal. The filing was late, but a single justice of this court allowed a motion under Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979), to extend the filing deadline. The Commonwealth has appealed, claiming that allowance of the motion was an abuse of discretion. We disagree and, therefore, affirm.

The facts are straightforward. On March 14, 2005, the defendant was convicted of operating a motor vehicle while under the influence of liquor. See G. L. c. 90, § 24(1)(a)(1). Appellate

counsel was assigned on June 6, 2005, about two and one-half months after the conviction. Two days later, on June 8, 2005, appellate counsel reviewed the trial court docket and discovered that no notice of appeal had been filed. On October 12, 2005, about four months after this discovery, counsel filed in this court a motion to file a late notice of appeal.[1] The motion was accompanied by an affidavit stating that, after the trial concluded, the defendant had asked his trial attorney to file a notice of appeal. The affidavit also stated that appellate counsel had ordered audio cassette recordings of the trial proceedings but had not received them and, therefore, could not identify all of the appellate issues. Counsel did say, however, that one appellate issue would involve his claim that the evidence was insufficient.

On January 3, 2006, a single justice of this court allowed the defendant's motion to file the notice late. The Commonwealth promptly sought reconsideration, claiming that the defendant failed to show "good cause," as required by Mass.R.A.P. 4(c), as amended, 378 Mass. 929 (1979), and rule 14(b), to justify allowing a late filed notice. In support of its reconsideration request, the Commonwealth, relying on *Commonwealth* v. *Cowie,* 404 Mass. 119, 122-123 (1989), contended that a motion for a new trial under Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), was the defendant's only remedy for trial counsel's failure to file a timely notice.

The single justice allowed the Commonwealth's motion for reconsideration. Relying on *Commonwealth* v. *White,* 429 Mass. 258, 264 (1999), however, he declined to change his order extending the filing deadline because "the importance of the rights lost to the defendant should his motion for enlargement be denied is an appropriate consideration for a judge considering whether the defendant has shown 'good cause.' "

In its appeal from the order of the single justice, the Commonwealth reiterates both its claim that allowance of the extension was an abuse of discretion because the defendant failed to establish the "good cause" required by rule 14(b) for filing a

---

[1]The docket indicates that the motion to file a late notice of appeal was received December 30, 2005; however, the actual motion was dated October 11, 2005, and appears to have been stamped by this court as received on October 12, 2005.

late notice of appeal and its claim that the defendant must pursue a motion for a new trial for any deficiencies of trial counsel that led to the late filing. As noted above, there was no error.

We begin, as we must, with the governing rules. The Massachusetts Rules of Appellate Procedure contain two different but related rules permitting defendants to seek an enlargement of time for filing a notice of appeal. If a defendant requires more than the thirty days to which he has a right under rule 4(c), the trial court judge is permitted to extend the filing period for up to thirty additional days, if the defendant makes "a showing of excusable neglect."[2] If a defendant needs still more time, rule 14(b) authorizes this court, or a single justice thereof, to grant an enlargement of time for up to one year "for good cause shown."[3]

As interpreted by decided cases, "good cause" is a standard no less exacting than "excusable neglect." *Commonwealth* v. *Barboza, ante* 180, 183-184 (2007). See *Bernard* v. *United Brands Co.*, 27 Mass. App. Ct. 415, 418 n.8 (1989) ("In the context of time to appeal in civil actions, the first function of [rule] 14[b] is to care for cases where for extraordinary reasons

---

[2]Rule 4(c) of the Massachusetts Rules of Appellate Procedure, as amended, 378 Mass. 929 (1979), provides:

"Extension of Time for Filing Notice of Appeal. Upon a showing of excusable neglect, the lower court may extend the time for filing the notice of appeal by any party for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this rule. Such an extension may be granted before or after the time otherwise prescribed by this rule has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the lower court shall deem appropriate."

[3]Rule 14(b) of the Massachusetts Rules of Appellate Procedure, as amended, 378 Mass. 939 (1979), provides:

"Enlargement of Time. The appellate court or a single justice for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but neither the appellate court nor a single justice may enlarge the time for filing a notice of appeal beyond one year from the date of entry of the judgment or order sought to be reviewed, or, in a criminal case, from the date of the verdict or finding of guilt or the date of imposition of sentence, whichever date is later."

the party was unable to apply for a [rule] 4[c] extension within the time allowed in that rule. As to standards, we would not expect [rule] 14[b] to depart substantially from the rather exacting standard of [rule] 4[c]"); *Lawrence Savings Bank* v. *Garabedian*, 49 Mass. App. Ct. 157, 161 (2000). Otherwise, the rules would have the anomalous effect of making it more difficult to obtain an extension of thirty days than it would be to obtain an extension of from thirty-one to 365 days.

In civil cases, the standard is demanding.

> "Excusable neglect requires 'circumstances that are unique or extraordinary.' *Spound* v. *Mohasco Indus., Inc.*, 534 F.2d 404, 411 (1st Cir. [1976]). . . . '[It] is not meant to cover the usual excuse that a lawyer is too busy, which can be used, perhaps truthfully, in almost every case. . . . It is [meant] to take care of emergency situations only.' Stern, Changes in the Federal Appellate Rules, 41 F.R.D. 297, 299 (1967). 'A flat mistake of counsel about the meaning of a statute or rule may not justify relief: relief is not extended "to cover any kind of garden-variety oversight." ' *Goldstein* v. *Barron*, 382 Mass. 181, 186 (1980), quoting from *Pasquale* v. *Finch*, 418 F.2d 627, 630 (1st Cir. 1969)."

*Feltch* v. *General Rental Co.*, 383 Mass. 603, 613-614 (1981). See *Shaev* v. *Alvord*, 66 Mass. App. Ct. 910, 911 (2006). See also *Bernard* v. *United Brands Co.*, 27 Mass. App. Ct. at 418 n.8. On the civil side, therefore, an attorney's oversight does not afford his or her client a remedy under rule 4(c) or rule 14(b).

No decided case has held that the same standard applies on the criminal side. *Commonwealth* v. *Barboza, supra* at 184. The Commonwealth urges that a similar standard should apply, arguing that the unitary rules of appellate procedure make no distinction between civil and criminal cases. If we apply the civil standard to this case, the Commonwealth maintains, the record is devoid of any basis for concluding that excusable neglect was present. Indeed, the Commonwealth asserts, the only reason for failing to file a timely notice set out in the record is trial counsel's failure to carry out the defendant's request that he do so. That, in the Commonwealth's view, amounts to a claim of

ineffective assistance of counsel, the antithesis of "excusable neglect." See, e.g., *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). Therefore, claims the Commonwealth, the *only* route to an extension of time available to a defendant who claims that a timely notice was not filed because of counsel's neglect is a motion for a new trial filed in the trial court under Mass.R. Crim.P. 30(b). For that proposition, the Commonwealth relies, as it did before the single justice, on *Commonwealth* v. *Cowie*, 404 Mass. at 122-123.

There are two primary problems with the Commonwealth's argument. First, the *Cowie* decision does not point in the direction the Commonwealth claims. The issue in *Cowie* was whether a motion under Mass.R.Crim.P. 30(b) was a constitutionally acceptable alternative to a direct appeal that has been dismissed because of a defendant's noncompliance with the rules of appellate procedure. *Id.* at 121. The issue arose because of the decision of the United States Supreme Court in *Evitts* v. *Lucey*, 469 U.S. 387, 391-392 (1985). As described by the Supreme Judicial Court, the Supreme Court in the *Evitts* decision

> "addressed the issue whether a dismissal of a defendant's appeal for noncompliance with a procedural rule due to counsel's ineffective assistance violated the due process clause of the Fourteenth Amendment to the United States Constitution. The Court held that in these circumstances due process required that the defendant either be retried or his appeal be reinstated. . . . The Court noted, however, there would be no violation of due process if the State provided an adequate remedy for the loss of a direct appeal." (Footnote omitted.)

*Commonwealth* v. *Cowie*, 404 Mass. at 122.

After summarizing the *Evitts* decision in the foregoing fashion, the Supreme Judicial Court held that Mass.R.Crim.P. 30(b) provides an "adequate remedy" for the loss of a direct appeal, *id.* at 122-123, and, it would seem, for losses of direct appeals stemming from denial of a motion under rule 4(c) or rule 14(b).[4] The court did not hold or imply, however, that Mass.R.Crim.P. 30(b) provided the *exclusive* remedy for such

---

[4] The *Cowie* decision did not stem from the denial of a motion made pursu-

losses. Indeed, the case did not discuss questions of exclusivity at all.

The second problem with the Commonwealth's argument centers on its consequences. Manifestly, rules 4(c) and 14(b) are designed to promote finality. See, e.g., *Feltch* v. *General Rental Co.*, 383 Mass. at 613, quoting from *Browder* v. *Director, Dept. of Corrections of Ill.*, 434 U.S. 257, 264 (1978) ("The purpose of [rule 4(c)] is clear: It is 'to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands' "). On the civil side, they do. If a civil appeal is not filed on time, and if the tardiness did not spring from circumstances that meet the stringent requirements for late appeals, the case is over.

In criminal cases, however, the Federal Constitution, as the *Evitts* case reveals, acts as a brake on finality. Denial of a motion under rule 4(c) or rule 14(b) is not, and cannot be, the end of the case. Moreover, requiring all tardy appellants in criminal cases to proceed by way of Mass.R.Crim.P. 30(b) if they allege that ineffective assistance produced the tardiness would typically lead to delay in appellate review and imposition on a busy trial court of a burdensome and largely redundant procedure. A brief review of the process shows why.

Success on the Mass.R.Crim.P. 30(b) motion requires proof of ineffective assistance and proof that the ineffectiveness led to loss of a "substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). In cases arising from failure to file a timely appeal, little contest over ineffectiveness is likely, for rare, indeed, will be the defendant who instructs his attorney to forgo an appeal after an unsuccessful defense at trial.[5]

The central question in the Mass.R.Crim.P. 30(b) proceeding,

---

ant to rule 4(c) or rule 14(b). The defendant had failed to act on his conviction for more than one year, and therefore, neither rule could provide the relief he sought. *Commonwealth* v. *Cowie*, 404 Mass. at 119-120. However, the *Cowie* opinion suggests that a motion for a new trial pursuant to Mass.R.Crim.P. 30(b) is a constitutional alternative to the lost right of direct appeal stemming from counsel's failure to comply with *any* procedural rule. *Id.* at 121-122.

[5]It is theoretically possible that counsel could fail to file a timely notice of

therefore, will be whether or not counsel's ineffectiveness deprived the defendant of a "substantial ground of defence." Two approaches to resolving that question are possible, and decided cases have not illuminated which of the two is correct. One approach would focus on whether failure to file a timely notice deprived the defendant of an opportunity for review of a viable appellate issue. A "yes" answer to that question would lead to an order for a new trial, producing the anomaly that defendants who lost their right to appeal through ineffective assistance of counsel could obtain a new trial more easily than those who followed procedural steps and obtained full appellate review.

The second, and sounder, approach would focus on the substantive merit of the appellate issues the defendant sought to raise. But that focus would require the trial judge to conduct precisely the same review that a panel of three judges conducts in this court on direct appellate review, i.e., a review to determine whether error affected the trial's outcome. If the motion judge concludes that error did affect the outcome, he or she would order a new trial, thereby producing the same result that would flow from the same conclusion here.

Under either result in either approach, however, the losing side could appeal and the appeal would provide the defendant with "appellate review of any issue that would have afforded the defendant relief had his appeal been timely filed." *Commonwealth* v. *Cowie*, 404 Mass. at 123. The net effect of the Mass.R.Crim.P. 30(b) approach, then, is that a defendant who knocked on the appellate door too late because of counsel's procedural misstep would be turned away to begin a resource-consuming procedural tour destined almost inevitably to return him to the same door a year or so later with essentially the same issues he had when he was there the first time.

We think there is a better approach. In civil cases, parties ordinarily are bound by the actions or inactions of counsel. See

a defendant's desired appeal for reasons that did not amount to ineffective assistance, although the practical possibility of that situation is hard to envision. In any event, were the trial judge to reach a conclusion that failure to file on time did not amount to ineffective assistance, he or she would deny the motion, providing the defendant with a right of appeal that would have the consequences discussed *infra*.

*Shattuck* v. *Bill*, 142 Mass. 56, 60-61 & 63 (1886); *McCarthy* v. *Tobin*, 429 Mass. 84, 88-89 (1999); *Tibbitts* v. *Wisniewski*, 27 Mass. App. Ct. 729, 733 (1989). In criminal cases, though, many actions taken by counsel do not bind the defendant unless they are taken with the defendant's knowing assent. See *Lewis* v. *United States*, 146 U.S. 370, 372-374 (1892) (jury selection); *Brookhart* v. *Janis*, 384 U.S. 1, 6-7 (1966) (counsel lacks power to enter plea that is "inconsistent with his client's expressed desire"); *New York* v. *Hill*, 528 U.S. 110, 114 (2000) (acknowledging that "[f]or certain fundamental rights, the defendant must personally make an informed waiver"); *Commonwealth* v. *Robichaud*, 358 Mass. 300, 303 (1970) (voir dire of juror); *Commonwealth* v. *Pavao*, 423 Mass. 798, 802-804 (1996) (waiver of jury trial); *Commonwealth* v. *Bacigalupo*, 49 Mass. App. Ct. 629, 632 (2000) (criminal defendants have right to be present at all critical stages of criminal proceeding).

We think the cited cases provide a model for application of rules 4(c) and 14(b) in appeals of criminal convictions. When the defendant files a motion under one of those rules, the judge should focus on the actions of the defendant and the defendant's counsel separately. A finding of "excusable neglect" or "good cause" is warranted, and the judge may exercise his or her discretion in favor of allowing the motion, if the judge finds that the lack of a timely appeal resulted from an act or omission of counsel, whether or not amounting to ineffective assistance, to which the defendant did not knowingly assent. Such an approach avoids satellite litigation, avoids imposing on the trial court burdens that are high in redundancy and low in yield, and allows prompt consideration of issues this court is likely to consider in any event.

The approach just described means that rules 4(c) and 14(b) will be interpreted one way in civil cases and a different way in criminal cases.[6] The difference, while unusual, rests on constitutional implications of finality in criminal cases that are not present

---

[6]No Massachusetts decision has squarely held that we are to apply the same standard to criminal cases as to civil cases, and the Reporters' Notes to Rules 4 and 14, Mass. Ann. Laws Court Rules, Rules of Appellate Procedure, at 15-17, 61 (LexisNexis 2006), do not mention the subject. The cognate Federal Rules of Appellate Procedure distinguish between civil and criminal cases. See Fed.R.A.P. 4(a)(5), 4(b)(4), and 26(b).

in civil cases and on the most efficient way to deal with procedural missteps in light of those implications. See generally *Commonwealth* v. *Godfroy*, 420 Mass. 561, 563-564 (1995). In directly reviewing the denial of a motion in a criminal case where the appeal had been filed late, the Supreme Judicial Court observed that, "[i]f we were to refuse to review this case on the merits, the defendant would be entitled under the due process clause of the Fourteenth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights to raise the issues he seeks to raise in this appeal by a motion for a new trial under [Mass.R.Crim.P.] 30(b) . . . based on alleged ineffectiveness of defense counsel in having failed to appeal from the denial of the first motion and the motion to reconsider. . . . No legitimate purpose would be served by our requiring the defendant to file another motion raising the same issues raised previously and then to appeal from an adverse ruling." (Footnote omitted.) *Ibid.* See *Commonwealth* v. *White*, 429 Mass. at 265 ("dismissal of the appeal [because the notice was filed late] provides an additional ground for yet another motion for postconviction relief based on the claim of ineffective assistance of counsel for failure to file the notice of appeal within the time specified by rule [14(b)]").

In this case, the defendant's motion papers suggest that failure to file a timely appeal resulted from an act or omission of counsel to which the defendant did not assent, knowingly or otherwise. Nothing in the Commonwealth's papers suggests otherwise. Accordingly, the single justice was warranted in allowing the defendant's motion under Mass.R.A.P. 14(b) and permitting the appeal to proceed.

> *Order of the single justice*
> *affirmed.*