NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-652

LORAINE R. GURNEY & others[1]

vs.

BERNARD G. SYKES, THIRD,[2] & others.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants appeal from a Superior Court judge's denial of their motion filed pursuant to Mass. R. A. P. 4 (c), as appearing in 481 Mass. 1606 (2019), for extension of time for filing a notice of appeal. We discern no abuse of discretion in the judge's determination and thus affirm.

Background. In 2018, the plaintiffs filed this action against the defendants. On April 6, 2021, a Superior Court judge issued a decision and order allowing summary judgment for

---

[1] Austin W. Gurney and Amiel Z. Weinstock, in his capacity as trustee of the First Amendment and Restatement to the Loraine R. and Austin W. Gurney Trust dated May 3, 2016.

[2] Individually and in his capacity as president of Palm Beach Yachting, Inc., manager of 631 Atrium Condominium 401 LLC, and trustee of the Kendall G. Russell 1981 Trust and Declaration of Trust establishing the Loraine R. and Austin W. Gurney Trust dated May 3, 2016.

[3] Palm Beach Yachting, Inc. and 631 Atrium Condominium 401 LLC.

the plaintiffs as to certain claims.[4]  On March 10, 2022, a second Superior Court judge (second judge) entered judgment for the plaintiffs.[5]  The deadline under rule 4 (a) (1) for filing a notice of appeal was within thirty days of the date of entry of judgment, which was April 11, 2022.  The defendants did not file the notice of appeal within that time frame.

Instead, on April 12, 2022, the defendants served on the plaintiffs a "Motion for Extension of Time for Filing Notice of Appeal" accompanied by defense counsel's supporting affidavit.  The affidavit, which tracks the language of the motion, avers that on April 6, 2022, defense counsel "became sick at work, and was required to go home early"; that counsel tested positive for COVID-19 on April 7, 2022; that he "remained in quarantine at home since that time"; and that, "[a]s a result of [his] illness and unexpected confinement, [he] neglected to file a Notice of Appeal before the deadline yesterday."  The plaintiffs filed an opposition to the motion arguing, inter alia, that the defendants failed to meet the required "excusable neglect" standard under rule 4 (c).  They further contended that one of the plaintiffs, Loraine Gurney, suffered from various health problems, she required full time "health aides," and her

---

[4] On January 13, 2022, the parties filed a stipulation of dismissal as to the remaining claims.
[5] The judgment, including prejudgment interest, is approximately $1.5 million.

"suffering will continue indefinitely" if the defendants were allowed to delay payment of "the funds [defendant] Sykes wrongfully took from them."  On May 11, 2022, the second judge denied the motion in a written decision and order.  The defendants now appeal therefrom.

Discussion.  Rule 4 (c) provides, in relevant part, that "[u]pon a showing of excusable neglect, the lower court may extend the time for filing the notice of appeal . . . for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this rule."  Thus, this case hinges on whether the defendants showed that the missed deadline was the result of excusable neglect.

The standard for demonstrating excusable neglect in civil cases is "demanding."  Commonwealth v. Trussell, 68 Mass. App. Ct. 452, 455 (2007).  It "requires circumstances that are unique or extraordinary" and "is not meant to cover the usual excuse that a lawyer is too busy, which can be used, perhaps truthfully, in almost every case. . . .  It is [meant] to take care of emergency situations only" (quotations and citations omitted).  Id.  Relief is not extended "to cover any kind of garden-variety oversight" (citation omitted).  Id.[6]

---

[6] In the case of motions for leave to file an appeal late, some of our cases suggest that in addition to showing excusable neglect or "good cause," Mass. R. A. P. 14 (b), as appearing in 481 Mass. 1626 (2019), the moving party is also required to make

Finally, "[d]ecisions on requests for extension of time are reviewed for an abuse of discretion." Lawrence Sav. Bank v. Garabedian, 49 Mass. App. Ct. 157, 161 (2000) (Garabedian), citing Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 378 (1975), and Standard Register Co. v. Bolton-Emerson, Inc., 35 Mass. App. Ct. 570, 573-574 (1993). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotations and citations omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

With these standards in mind, we turn to the defendants' claim. As discussed supra, defense counsel's argument rested on his averment that he felt ill, tested positive for COVID-19, remained in quarantine at home, and consequently "neglected to

---

a showing that meritorious issues exist on appeal. See, e.g., Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 379 (1975). Here, the defendants did not make any such proffer before the second judge or on appeal. Indeed, neither party references this requirement in their briefing. Where we decide that the second judge did not abuse his discretion in denying the motion on other grounds, see infra, we need not decide whether the defendants were obligated to make this showing or whether this rule applies to motions filed under rule 4 (c). See Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 418 n.8 (1989) (after comparing standards under rules 4 [c] and 14 [b], court noted that "[t]he merit of the proposed appeal may be a subject of inquiry under 14 [b]").

4

file a Notice of Appeal before the deadline yesterday."
Conspicuously absent from the affidavit is any representation
that defense counsel was aware of the deadline, but too ill to
work. He did not aver -- and does not aver on appeal[7] -- that
his COVID-19 status rendered him unable to file the notice of
appeal, or incapable of working from home, contacting his law
firm for assistance, or communicating with the court. To the
contrary, he acknowledged that he simply "neglected" to make the
filing. He does not contend that his situation constituted a
unique or extraordinary circumstance and does not assert that
the present situation amounted to an emergency within the
meaning of our precedent. See Trussell, 68 Mass. App. Ct. at
455. Under such circumstances, we cannot say that the second
judge's decision fell outside the range of reasonable
alternatives such that he abused his discretion in denying the

---

[7] We acknowledge defense counsel's candor in this regard.

motion.  See <u>Garabedian</u>, 49 Mass. App. Ct. at 161.[8]  Accordingly, we affirm the denial of the motion.[9]

<u>So ordered</u>.

By the Court (Milkey,
  Neyman & Smyth, JJ.[10]),

*Joseph F. Stanton*

Clerk

Entered:  February 15, 2023.

---

[8] In his decision denying the motion, the second judge noted that the defendants had ample time to file the notice of appeal prior to counsel falling ill.  We reject that portion of his determination.  A thirty-day filing deadline contemplates a party's right to use all thirty days.  Although perhaps prudent to act well in advance of a given deadline, counsel does not act improperly by using the time allotted by rule.  That notwithstanding, the second judge's decision sets forth a careful summary of the applicable standards, and it is clear that he determined that defense counsel's failure to meet the deadline stemmed from "garden-variety oversight" and did not constitute "unique or extraordinary" circumstances that amounted to excusable neglect.  See <u>Trussell</u>, 68 Mass. App. Ct. at 455.

[9] We do not reach the question whether the defendants could obtain an extension of time to file a late notice of appeal pursuant to rule 14 (b), as there is no such request currently before the court.

[10] The panelists are listed in order of seniority.