COMMONWEALTH *vs.* STEPHEN J. COWIE.

Middlesex. December 7, 1988. — February 13, 1989.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Appeal, New trial, Assistance of counsel. *Constitutional Law,* Appeal. *Due Process of Law,* Appeal.

The defendant in a criminal case was not deprived of due process of law by the judge's denial of his motion pursuant to Mass. R. Crim. P. 30 (a), requesting "an order vacating, and then reimposing, his sentences" in order to "allow [the defendant] to file a timely notice of appeal," based on the contention that defense counsel's failure to claim a timely appeal had constituted ineffective assistance of counsel, where the defendant was afforded the opportunity of raising his arguments by means of a motion for new trial under Mass. R. Crim. P. 30(b), coupled with the right of appellate review of any adverse ruling thereon. [122-123]

INDICTMENTS found and returned in the Superior Court Department on June 21, 1983.

The cases were tried before *John J. Irwin, Jr.,* J., and a motion for postconviction relief was heard by him.

The Supreme Judicial Court granted a request for direct appellate review.

*Wendy Sibbison* for the defendant.
*David R. Marks,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. The defendant appeals from the denial of his motion pursuant to Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979), which he filed as a mechanism to obtain appellate review he lost by failing to file a timely appeal within the thirty-day period prescribed by Mass. R. A. P. 4 (b), as appearing in 378 Mass. 924 (1979). The judge denied the defendant's motion on the ground that, unless the original sentence was illegal, there was no authority under rule 30 (a) to resentence the defendant. However, the judge indicated that the defendant

could raise his arguments by means of a motion for a new trial under Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). The defendant declined, and instead appealed. We granted the defendant's application for direct appellate review. There was no error.

A description of the procedural history of this case is necessary to a full understanding of the issue before us. On December 19, 1983, the defendant was convicted on two indictments charging armed assault with intent to kill, two indictments charging assault and battery by means of a dangerous weapon, and one indictment charging unlawfully carrying a firearm. No action[1] was taken to appeal from the convictions until August, 1985, when the defendant filed a pro se motion in the Supreme Judicial Court for the county of Suffolk seeking to have his appellate rights reinstated. The defendant alleged that, despite his desire to appeal from his convictions, no appeal was taken because of ineffective assistance of trial counsel.

The trial judge received a copy of the defendant's pro se motion and purported to enlarge the time period for prosecuting an appeal. Although the judge lacked authority to enlarge the filing period,[2] the defendant now represented by counsel filed a notice of appeal which was entered in the Appeals Court. The defendant then moved to stay the action in the Appeals Court until a single justice of this court decided the defendant's pro se motion. The defendant also filed a petition under G. L. c. 211, § 3 (1986 ed.), seeking the same relief as the defendant's pro se action.

The single justice denied relief noting that the defendant had available the postconviction remedies contained in Mass. R. Crim. P. 30 (a) and (b) and that a judge's final order on such

---

[1] On February 29, 1984, the defendant filed a motion to revoke and revise his sentences, which was denied on April 20, 1984. Also, the Appellate Division of the Superior Court denied the defendant's appeal from his sentences on June 27, 1984.

[2] See Mass. R. A. P. 4 (b) and (c), as appearing in 378 Mass. 924 (1979); *Commonwealth* v. *Lopes*, 21 Mass. App. Ct. 11, 16 (1985); *Commonwealth* v. *Boutwell*, 21 Mass. App. Ct. 201, 205 (1985).

motions is appealable to the Appeals Court.[3] Following this order, the Appeals Court dismissed the defendant's appeal as untimely.

The defendant then filed in the Superior Court a motion pursuant to rule 30 (a), requesting "an order vacating, and then reimposing, his sentences" in order to "allow [the defendant] to file a timely notice of appeal." The defendant alleged that his trial counsel failed to perfect his appeal, even though requested to do so, and thus deprived him of due process of law and effective assistance of counsel.

The trial judge denied the motion under rule 30 (a) on the ground that the original sentences were not illegal; it is the denial of this motion that forms the basis of this appeal.[4] The judge offered to entertain a motion for new trial pursuant to Mass. R. Crim. P. 30 (b), and stated that "in the exercise of [his] discretion" he would entertain all the issues the defendant would wish to appeal. The defendant did not file a motion under rule 30 (b), and asserts on appeal that such a motion is a constitutionally inadequate substitute for direct appeal. We conclude that, under the United States Constitution, a motion for a new trial is an acceptable alternative to a direct appeal which has been dismissed because of the defendant's noncompliance with the rules of appellate procedure.[5]

---

[3] Rule 30 (a) provides: "Whoever is imprisoned or restrained of his liberty pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving upon the ground that his confinement or restraint was imposed in violation of the Constitution or laws of the United States or the Commonwealth of Massachusetts."

Rule 30 (b) provides: "The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done. Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error."

[4] The judge denied the defendant's request for a finding of fact and ruling of law on the question whether the defendant had been afforded effective assistance of counsel and denied the defendant's motion for reconsideration.

[5] Because we find the defendant is not without an adequate remedy we need not reach the propriety of the denial of the defendant's motion under rule 30 (a) nor the merits of his appeal.

The defendant argues that his lost right to a direct appeal is due to ineffective assistance of counsel and thus the due process clause of the United States Constitution and art. 12 of the Massachusetts Declaration of Rights require that he be granted a late appeal.[6]

In *Evitts* v. *Lucey*, 469 U.S. 387, 391-392 (1985), the United States Supreme Court addressed the issue whether a dismissal of a defendant's appeal for noncompliance with a procedural rule due to counsel's ineffective assistance violated the due process clause of the Fourteenth Amendment to the United States Constitution.[7] The Court held that in these circumstances due process required that the defendant either be retried or his appeal be reinstated. *Id.* at 390-391, 396-397. The Court noted, however, there would be no violation of due process if the State provided an adequate remedy for the loss of a direct appeal.[8] *Id.* at 396-397.

Therefore, postconviction attack on the judgment through a motion under rule 30 (b) fully accords with due process as a

---

[6] Although the defendant refers to art. 12, he does not develop an independent argument on that provision nor do the cases cited rest on the Massachusetts Declaration of Rights. Therefore, we do not reach that question. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975). *Commonwealth* v. *McDonough*, 400 Mass. 639, 647 n.12 (1987).

[7] In *Evitts*, there was no dispute that the defendant received ineffective assistance of counsel. *Evitts* v. *Lucey*, *supra* at 392. Here, the parties' stipulation simply covers what the defense counsel's testimony would be. The Commonwealth has not stipulated that the trial counsel's actions constituted ineffective assistance. We express no opinion on whether there was in fact ineffective assistance here. See *Commonwealth* v. *Porter*, 9 Mass. App. Ct. 908 (1980).

[8] Under Mass. R. A. P. 4 (b), the defendant must file a notice of appeal within thirty days of the verdict or imposition of sentence. Upon a showing of "excusable neglect" the lower court may extend the time for filing for an additional thirty days. Mass. R. A. P. 4 (c). Under Mass. R. A. P. 14 (b), as appearing in 378 Mass. 924 (1979), an appellate court or a single justice thereof may for good cause enlarge the time for filing for up to one year, but not beyond one year from the date of verdict or sentence. See *Miranda* v. *Commonwealth*, 392 Mass. 420, 421-422 (1984). These rules which impose a limitation on the time allowable for pursuing an appeal are unquestionably reasonable in light of the Commonwealth's legitimate interest in having judgments become final. *Commonwealth* v. *Deeran*, 397 Mass. 136, 142 (1986). *Reddick* v. *Commonwealth*, 381 Mass. 398, 403 (1980).

remedy for the defendant's frustrated right of appeal. Rule 30 (b) does not contain a time limitation, but its application permits examination of the claimed errors to determine whether the defendant was deprived of any constitutionally protected rights by his failure to appeal.[9] If the judge denies the motion for a new trial, then the defendant may appeal that denial and thus obtain appellate review of any issue that would have afforded the defendant relief had his appeal been timely filed. Limiting a defendant to the postconviction remedy contained in rule 30 (b), coupled with the right of appellate review of an adverse ruling thereon, does not violate the defendant's due process rights. See generally *Miranda* v. *Commonwealth*, 392 Mass. 420, 422 n.1 (1984). See also *Commonwealth* v. *Boutwell*, 21 Mass. App. Ct. 201, 206 (1985); *Commonwealth* v. *Lopes*, 21 Mass. App. Ct. 11, 16 (1985); *Commonwealth* v. *Buckley*, 17 Mass. App. Ct. 373, 374 (1984).

The order denying the defendant's motion under Mass. R. Crim. P. 30 (a) is affirmed. The defendant shall be afforded the opportunity to file a motion for a new trial in accordance with Mass. R. Crim. P. 30 (b).

*So ordered.*

---

[9] As we have noted in reviewing a judge's exercise of discretion in ruling on a rule 30 (b) motion, if "the original trial was infected with prejudicial constitutional error the judge has no discretion to deny a new trial." *Commonwealth* v. *Doherty*, 394 Mass. 341, 346 (1985), quoting *Earl* v. *Commonwealth*, 356 Mass. 181, 184 (1969). See *Commonwealth* v. *Sullivan*, 385 Mass. 497, 503 (1982); *Commonwealth* v. *Stewart*, 383 Mass. 253, 257 (1981). But see *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 15-19 (1986).