## COMMONWEALTH *vs.* THOMAS CARLETON.

Middlesex. September 9, 1994. - November 10, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Jury and Jurors. Constitutional Law*, Jury. *Practice, Criminal*, Challenge to jurors.

A prosecutor's peremptory challenge of arguably all the jurors in the venire with Irish-sounding surnames was sufficient to satisfy the defendant's burden of showing that the challenges were improperly based on the jurors' membership in a discrete ethnic group and, where the prosecutor failed to provide a group-neutral reason for those challenges, the judge should have disallowed them and seated the jurors: the defendant was entitled to a new trial. [774-776]

INDICTMENT found and returned in the Superior Court Department on September 1, 1992.

The case was tried before *Wendie I. Gershengorn*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Daniel Olohan* (*Dwight G. Duncan* with him) for the defendant.

*Nancy W. Geary*, Assistant Attorney General, for the Commonwealth.

LYNCH, J. After trial in the Superior Court the defendant was convicted of criminal contempt for violating an injunction, G. L. c. 12, §§ 11H & 11J (1992 ed.). The Appeals Court concluded that there were improprieties in the jury empanelment and reversed the judgment. See 36 Mass. App. Ct. 137 (1994). We granted the Commonwealth's application for further appellate review and now conclude, for substantially the same reasons as the Appeals Court, that the Commonwealth improperly exercised its peremptory challenges.

The only issue before us is the Commonwealth's contention that the Appeals Court was incorrect in concluding that the prosecutor impermissibly excluded three persons from the jury based on their ethnicity.[1]

We briefly summarize the facts which are relevant to the issue of peremptory challenges. During empanelment the defendant objected to the prosecutor's challenges of jurors Ceglio, Cantwell, McConaghy, Kellegher and Ferolito, arguing that the Commonwealth's challenges were based solely on the assumption that these jurors were potentially Irish or Italian Roman Catholics. Without making an explicit finding whether the defendant had established a prima facie case of improper use of peremptory challenges, the judge asked the prosecutor to explain her reasons for challenging the three prospective jurors whom the defendant had identified as possessing Irish-sounding surnames.[2] The prosecutor explained that she challenged the first juror based on her visual assessment of him and on his level of education. She challenged the second juror for the same reasons. She challenged the third juror based on the fact that he was a widower and on her visual assessment of him. The judge found that the prosecutor presented legitimate reasons for her challenges of the prospective jurors who possessed Irish-sounding surnames. She also found that there was no pattern of excluding individuals with Italian-sounding surnames in light of the fact that there were other persons with Italian surnames on the venire who had not been challenged.

We assume, as did the Appeals Court, that the judge made an implicit finding that a pattern of improper exclusions based on ethnicity and religion had been established, since the judge asked the prosecutor to justify her challenges

---

[1]The defendant did not seek further appellate review. See *Bradford* v. *Baystate Medical Ctr.*, 415 Mass. 202, 204-205 (1993); *McLaughlin* v. *Stackpole Fibers Co.*, 403 Mass. 360, 361 (1988); *Commonwealth* v. *Shea*, 398 Mass. 264, 265 (1986); *Commonwealth* v. *Burno*, 396 Mass. 622, 623 (1986).

[2]The judge did not ask the prosecutor for an explanation of her challenges of prospective jurors Ferolito and Ceglio.

of the three jurors all of whom had Irish-sounding surnames. *Commonwealth* v. *Mathews*, 31 Mass. App. Ct. 564, 569 (1991). See *Stanley* v. *State*, 313 Md. 50, 82-83 (1988).[3]

We agree with the Appeals Court's analysis and conclusion that the Commonwealth failed to satisfy its burden of demonstrating that the challenges were not based on the jurors' membership in a discrete ethnic group. In *Commonwealth* v. *Burnett*, *ante* 769 (1994), we discussed in detail the principles to be applied in cases of this nature. One issue requires some additional comment. The Commonwealth argues that it is impermissible in this context to draw inferences of national origin based on a juror's surname. One might well ask, if it is improper to draw such an inference from a surname (an inference commonly drawn by most people outside the courtroom), how the issue of ethnicity could ever be raised in the context of juror selection. While we recognize that surnames are "less than a totally reliable badge of ethnic identity," *Commonwealth* v. *Gagnon*, 16 Mass. App. Ct. 110, 119 (1983), *S.C.*, 391 Mass. 869 (1984), we are satisfied on the facts of this case that the prosecutor's challenge of arguably all the jurors with Irish-sounding surnames was enough to satisfy the defendant's burden of showing that the challenges were based on the jurors' membership in a discrete ethnic group.[4]

Since the defendant was denied his constitutional right to jury selection free from discrimination, the judgment is reversed, the verdict is set aside, and the case is remanded to

---

[3]The Commonwealth argues that the sole basis of the defendant's objection and appeal was that the challenges were based on the jurors' religion. We conclude, as did the Appeals Court, that the issue of ethnicity is properly before us. In reaching this conclusion we are aided by the fact that the judge did not ask for an explanation of the challenge to the juror with an Italian surname. If the judge had made a specific finding in regard to the defendant's challenge, we would be better able to discern the basis for the objection and the judge's ruling.

[4]We do not reach the question whether the defendant established a claim of religious-based challenges.

the Superior Court for further proceedings consistent with this opinion.

*So ordered.*