RALPH A. SAMUELS & another[1] *vs.* SUFA CORPORATION & others.[2]
No. 94-P-719. February 3, 1995. *Practice, Civil*, Appeal, Standing. *Rules of Appellate Procedure. Clerk of Court.*

After the judge allowed the defendants' motion for summary judgment, a final judgment was entered on August 5, 1992. It is undisputed that a notice of appeal was never entered on the docket of the Superior Court and that no notice of appeal is in the files of the clerk's office.

On September 14, 1993, the plaintiffs filed a "Motion to Accept for Late Docketing the Notice of Appeal," a memorandum in support of the motion, and a "Declaration" of one Matthew G. Doherty.

The motion recites that the original notice of appeal was filed on September 3, 1992, and that the notice was lost by the clerk's office. The memorandum accompanying the motion states that the absence of any record of the filing of the notice of appeal was discovered in the "summer" of 1993 — without identifying whether the discovery was before or after the one year had expired from August 5, 1992. See Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979). The "declaration" of Mr. Doherty, which is undated, states that on August 30, 1993, he spoke to a Louise Kelley, an employee in the clerk's office, who said that she had endorsed a copy of the notice of appeal with the legend, "Filed 9/3/92 LK." That copy was part of the plaintiffs' moving papers.

The plaintiffs' motion was denied, as was the plaintiffs' later motion "to correct the record." Essentially, the view expressed by the first judge was that, since more than one year had elapsed, the trial court was without authority to allow the motion. See *Cummings* v. *City Council of Gloucester*, 28 Mass. App. Ct. 345, 348 (1990). The second judge thought it inappropriate to disturb the conclusion of the first judge.

Nevertheless, this record leaves an important problem unresolved: Mass.R.A.P 4(a), as amended, 395 Mass. 1110 (1985), requires that an appeal "be filed with the clerk of the lower court," not that the notice of appeal be *entered* on the docket of that court. Compare Mass.R.A.P. 14(b). If plaintiffs' counsel did in fact present the notice of appeal to the clerk's office, it was indeed "filed" even if it was not entered on the docket. Here we note that counsel for the defendants (other than the Commonwealth) acknowledged during the argument of this case that he had received a copy of the notice of appeal — as suggested by the certificate of service appearing on a copy of the notice of appeal.[3] And if the notice was filed on September 3, 1992, then the record should have been assembled.

---

[1]Florence I. Samuels.

[2]Hunneman Appraisal and Consulting Company, The Codman Company, Inc., and the Commonwealth.

[3]Counsel added that there was no date stamp on the copy of the notice of appeal he had in his file, and thus he could not say when his copy of the notice of appeal was received.

It is true, certainly, that an omission or neglect of the clerk's office does not absolve appellant's counsel of his responsibility "to monitor the progress" of the pending appeal. See *Brown* v. *Quinn*, 406 Mass. 641, 644 (1990), and cases cited. Here, however, appellant's counsel had no unsatisfied obligation under Mass.R.A.P. 9(c), as amended, 378 Mass. 935 (1979), because there was no transcript involved in the appeal. If we assume, then, that the notice of appeal was properly filed, the plaintiffs did all they were required to do within the period of time dictated by the Rules of Appellate Procedure, and the plaintiffs are entitled to pursue their appeal.

The case must be remanded to the Superior Court. The plaintiffs shall have thirty days to file a motion requiring the clerk's office to assemble the record, or such other motion as counsel deems appropriate to raise the issue of whether, upon all the evidence, the plaintiffs filed a timely notice of appeal. If no such motion is filed, the judgment is affirmed.

*So ordered.*

*Philip X. Murray* for the plaintiffs.

*Joseph H. Skerry, Third,* for SUFA Corporation & another.

*William L. Berman,* Assistant Attorney General, for the Commonwealth, was present but did not argue.

*Whitney R. Given,* for Hunneman Appraisal and Consulting Company, was present but did not argue.