COMMONWEALTH VS. STEVEN WHITE.

Suffolk. December 11, 1998. - March 31, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Rules of Appellate Procedure. Practice, Criminal,* Appeal, New trial. *Notice,* Timeliness.

In a criminal case, the notice of an appeal from the denial of a motion for a new trial, whenever brought, must be filed within thirty days after the entry of the order denying the motion. [260-262]

Discussion of Mass. R. A. P. 14 (b), providing for the grant of an enlargement of time for good cause shown by an appellate court or appellate justice. [262-264]

This court concluded that Mass. R. A. P. 14 (b) sets one year from the date of the judgment or order appealed from as the maximum enlargement of time for filing a notice of appeal that an appellate court or single justice may permit, but it does not terminate the jurisdiction of an appellate court to consider a motion to enlarge the time, nunc pro tunc, if the notice has been filed within the time specified by the rule. [264-265]

In the circumstances of a criminal case, in which the defendant's notice of appeal from the denial of his motion for a new trial was filed six days late, and the case was docketed without objection in the Appeals Court and briefs were filed, but the Commonwealth only moved to dismiss for lack of jurisdiction some nineteen months after the case had been entered, this court concluded that it was in the interests of justice that the appeal proceed, where no prejudice to the Commonwealth resulted. [265]

INDICTMENTS found and returned in the Superior Court Department on October 4, 1984.

An amended motion for a new trial, filed on February 23, 1995, was heard by *Charles M. Grabau,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Deirdre Lee Thurber* for the defendant.

*Joseph Makalusky,* Assistant District Attorney, for the Commonwealth.

MARSHALL, J. The defendant, Steven White, seeks to reinstate his appeal from the denial of his motion for a new trial that was

dismissed by the Appeals Court as having been untimely filed. The defendant's counsel mailed the notice of appeal twenty-seven days after the denial of his motion. Because of various intervening holidays, the notice was not entered on the docket in the Superior Court until thirty-six days after the entry of the denial. No motion to enlarge the time to file the notice of appeal was filed until twenty-two months after the denial, when the defendant was represented by new counsel. The Appeals Court ruled that the period within which it could enlarge the time to file the notice had expired.[1] We granted the defendant's application for further appellate review. We grant the appeal. It is to proceed in the Appeals Court.

1. *Background.* On August 7, 1987, a jury convicted the defendant on two indictments charging kidnaping and three counts of aggravated rape. His convictions were affirmed. *Commonwealth* v. *White*, 27 Mass. App. Ct. 789 (1989). His timely application for further appellate review was denied. 406 Mass. 1101 (1989).

On October 21, 1992, the defendant filed a pro se motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979).[2] He also filed a motion for the appointment of counsel that was allowed; on November 30, 1992, the Committee for Public Counsel Services was appointed to represent the defendant in postconviction matters. Counsel thereafter filed an amended motion for a new trial. After a hearing on October 20, 1995, the trial judge denied the defendant's amended motion and, on November 27, 1995, the denial was entered on the docket of the Superior Court.[3] On December 24, 1995, his counsel mailed a notice of appeal from that order that was

---

[1]The order of the Appeals Court stated in full: "The motion [of the Commonwealth to dismiss the appeal] is allowed and the appeal is dismissed. Note that the period of time in which the time to file a notice of appeal could be enlarged has expired. See M. R. A. P. 14 (b)," as amended, 378 Mass. 859 (1979).

[2]Before his direct appeal, the defendant wrote a letter to the trial judge claiming that the assistance of his trial counsel was ineffective. The judge ordered that the letter be entered on the docket as a motion for a new trial. No ruling was made on that motion.

[3]The judge concluded that the defendant's claim of ineffective assistance of trial counsel had been waived because the defendant had failed to raise the claim in his direct appeal even though he was represented by new counsel. He also ruled that the circumstances did not warrant relief from the waiver doctrine. The judge further concluded that the errors the defendant claimed

docketed on January 2, 1996. The defendant's appeal was entered in the Appeals Court on February 9, 1996.

In August, 1996, the Committee for Public Counsel Services appointed a different attorney to represent the defendant in the Appeals Court. After receiving seven unopposed extensions of time, the defendant filed his brief and record appendix on July 15, 1997. On September 12, 1997, the Commonwealth filed a three-page motion to dismiss the appeal for lack of jurisdiction claiming that the defendant had failed to file a timely notice of appeal and had failed to perfect his appeal.[4] On September 24, 1997, the defendant filed a motion requesting (for the first time) that the Appeals Court, "in the exercise of its discretion under Mass. R. A. P. 14 (b)," as amended, 378 Mass. 939 (1979), deny the Commonwealth's motion to dismiss and grant the defendant's motion to enlarge the time to file his appeal, nunc pro tunc, to January 2, 1996. In an accompanying affidavit, the defendant stated that he had never been informed by his former counsel of the failure to file the notice of appeal within the required time. On September 25, 1997, the Appeals Court dismissed the defendant's appeal. See note 1, *supra.* The defendant's motion for reconsideration filed in the Appeals Court, and his petition to a single justice of this court, pursuant to G. L. c. 211, § 3, were denied.

2. *The timeliness of the notice of appeal.* Rule 4 (b), first par., of the Massachusetts Rules of Appellate Procedure, as amended, 378 Mass. 928 (1979), provides that, "[i]n a criminal case, unless otherwise provided by statute, the notice of appeal required by Rule 3 shall be filed with the clerk of the lower court within thirty days after the *verdict* or *finding of guilt* or within thirty days after *imposition of sentence*" (emphasis added). That paragraph does not specify the period within which a notice of appeal of the denial of a motion for a new trial in a criminal case must be filed.[5] At each of the proceedings specified in that paragraph, a defendant is present in the courtroom and receives

---

were indicative of the ineffectiveness of his trial counsel had been raised by the defendant and considered in his direct appeal.

[4] The Commonwealth filed no brief in the Appeals Court and has never addressed substantively the defendant's appellate arguments concerning the denial of his motion for a new trial.

[5] In contrast the cognate Fed. R. A. P. 4 (b) provides as follows:

"In a criminal case, a defendant shall file the notice of appeal in the district court within 10 days after the entry either of the *judgment* or

immediate notice of the court's action. The defendant argues that because he received notice of the court's denial of his motion by mail, he is entitled to the benefit of the "mailbox rule" contained in Mass. R. A. P. 14 (c), 365 Mass. 859 (1974).[6] According to the defendant, that rule would entitle him to thirty-three days within which to file his notice, in which event the filing on January 2 would be timely: the thirty-third day from November 27, 1995, fell on Saturday, December 30, 1995, followed by Sunday, December 31, and a legal holiday on January 1, 1996.[7] The Commonwealth responds that the second paragraph of rule 4 (b)[8] governs. The applicability of that paragraph to this case is not so clear. It provides for the tolling of a notice of an appeal from a "verdict," "finding of guilt," or "imposition of sentence" and, on its face, does not address motions for a new trial filed years later and after a defendant's direct appeal has been adjudicated. We nevertheless conclude that the notice of an appeal from the denial of a motion for a new trial (whenever brought) must be filed within thirty days after the entry of the order denying the motion.

*order appealed from,* or of a notice of appeal by the Government. A notice of appeal filed after the announcement of a decision, sentence, or order — but before entry of the judgment or order — is treated as filed on the date of and after the entry.

"A judgment or order is entered within the meaning of this subdivision *when it is entered on the criminal docket.*" (Emphasis added.)

[6]Rule 14 (c), of the Massachusetts Rules of Appellate Procedure, 365 Mass. 859 (1974), provides: "Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon him and the paper is served by mail, three days shall be added to the prescribed period."

[7]Rule 14 (a) of the Massachusetts Rules of Appellate Procedure, 365 Mass. 859 (1974), provides that, in computing any period of time prescribed by the Rules of Appellate Procedure, "[t]he last day of the period shall be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period shall extend until the end of the next day which is not a Saturday, Sunday or a legal holiday."

[8]Rule 4 (b), second par., of the Massachusetts Rules of Appellate Procedure, as amended, 378 Mass. 928 (1979), provides:

"The running of the time for filing a notice of appeal shall be terminated as to the moving party by a motion for a new trial pursuant to Massachusetts Rules of Criminal Procedure 30 filed in the lower court within thirty days after the verdict or finding of guilt or within thirty days after imposition of sentence and the full time fixed by this rule shall commence to run and shall be computed from the date of entry of an order denying such motion."

Previously we have concluded that the time limitations of rule 4 (b) apply to circumstances other than those specified in that rule. In *Commonwealth* v. *Guaba*, 417 Mass. 746, 751 (1994), although the rule did not specify the time within which a criminal defendant must file an interlocutory appeal, we held that "the notice of appeal for an interlocutory appeal from an order, under Mass. R. A. P. 4 (b), must be filed within thirty days after the order is filed." To avoid any continuing uncertainty we stressed that, "[i]n the future, any delay in receiving the judge's written decision will not be relevant in determining if the appellant has filed within the thirty-day period." *Id.* at 751-752. The presence or absence of the defendant in the courtroom when the judge issued the order was wholly irrelevant to our determination. Lest there be any lingering confusion, we again emphasize that in a criminal case a notice of appeal of any judgment or order appealed from must be filed within thirty days after the entry of the order.

3. *The power to enlarge the time for filing.* Rule 14 (b) of the Massachusetts Rules of Appellate Procedure provides:

> "The appellate court or a single justice for good cause shown may upon motion enlarge the time prescribed by [the rules of appellate procedure] or by its order for doing any act, or may permit an act to be done after the expiration of such time; but neither the appellate court nor a single justice may enlarge *the time for filing a notice of appeal beyond one year* . . . in a criminal case, from the date of the verdict . . . or . . . of imposition of sentence, which ever date is later" (emphasis added).

The Commonwealth argues that, after one year has elapsed from the date of the entry of the denial of a motion for a new trial, an appellate court or a single justice has no authority to consider a request for an enlargement of time for filing a notice of appeal, regardless of whether or when the defendant filed his notice. The defendant counters that, provided the notice of appeal has been filed within the one-year period (as happened in this case), rule 14 (b) sets no limitation on the time within which a defendant may request an enlargement of time, nunc pro tunc. We have not addressed this issue, although the defendant points to a decision of a single justice of this court, Commonwealth vs. Sorto, SJ-97-0147. In that case the defendant was granted an extension of time to file his notice of appeal

several years after the entry of his conviction, where the notice was untimely, but had been filed within one year.[9]

An appellate court or appellate justice cannot enlarge the period for "filing a notice of appeal" beyond one year from the date of judgment or order appealed from. See Reporters' Notes [1973] to Mass. R. A. P. 4, Mass. Ann. Laws, Appellate Procedure, at 23 (Lexis 1997) ("time for filing an appeal may be enlarged by order of an appellate court or an appellate justice but such extension can never exceed one year from the date of the judgment or order appealed from, see Appellate Rule 14 [b]"). See also *Commonwealth* v. *Cowie*, 404 Mass. 119, 120 (1989) (trial judge "lacked authority to enlarge the filing period" for prosecuting appeal where no action taken for almost two years); *Miranda* v. *Commonwealth*, 392 Mass. 420, 420-421 (1984) (denial of petition to enlarge time to file notice of appeal correct as matter of law where more than four years passed between sentence and time petitioner filed notice of appeal); *Commonwealth* v. *Lopes*, 21 Mass. App. Ct. 11, 16 (1985) (beyond one year, single justice or appellate court has no power to act on newly filed notice of appeal regardless of accompanying motion to enlarge time). While under rule 14 (b) the one-year anniversary of the order to be appealed terminates the defendant's right to file a notice of appeal, it does not terminate the jurisdiction of an appellate court to consider a motion to enlarge the time, nunc pro tunc. Had the drafters of rule 14 intended the latter, they would have employed more precise language.[10] For example, the cognate Federal rule prohibits an appellate court from enlarging the time for filing a notice of appeal, a petition for allowance, or a petition for permission to ap-

---

[9]In Commonwealth *vs.* Sorto, SJ-97-0147, the defendant filed his notice of appeal thirty-two days after the entry of the verdict and imposition of sentence. He did not file a motion for the enlargement of time with his notice of appeal. His appeal was dismissed by the Appeals Court for failure to file a brief. Approximately six years later, the defendant filed a petition pursuant to G. L. c. 211, § 3, requesting that a single justice of this court enlarge by two days, nunc pro tunc, the time for filing his notice of appeal. His request for relief was granted. The defendant relies also on Commonwealth *vs.* Reed, No. 97-P-674, where the defendant's notice of appeal was docketed in the Appeals Court thirty-three days after the entry of the verdict and imposition of sentence. The notice had been erroneously docketed. Approximately three years later, he sought leave to enlarge, nunc pro tunc, the time for filing the notice of appeal, which was granted.

[10]In the Sorto case, the single justice suggested that rule 14 (b) likely would have provided that "neither the appellate court nor a single justice, after one

peal. Fed. R. A. P. 26 (b).[11] The drafters of rule 14 (b) could have used similar language. Absent that specificity, we conclude that rule 14 (b) sets one year from the date of the judgment or order appealed from as the maximum enlargement of time for filing a notice of appeal that an appellate court or single justice may permit. The fact that more than two years have elapsed from the denial of the motion does not mean that an appellate court is precluded from granting the defendant relief, nunc pro tunc, if the notice has been filed within the time specified by rule 14 (b).

We recognize that in the Sorto case the single justice enlarged the time for filing a notice of a direct appeal; no appellate court had reviewed for possible error Sorto's conviction of murder in the second degree. But rule 14 (b) does not distinguish between direct appeals on the one hand, and appeals from all other post-conviction orders on the other. We do not consider here whether the defendant's motion to enlarge the time for filing the notice of appeal from the denial of his motion for a new trial is meritorious. Although rule 14 (b) applies in all cases regardless of whether a defendant has received the benefit of appellate review of his conviction, the importance of the rights lost to the defendant should his motion for enlargement be denied is an appropriate consideration for a judge considering whether the defendant has shown "good cause." Our interpretation of rule 14 (b) gives full weight to the drafters' intent to impose time limits on the jurisdiction of courts to docket notices of appeal.[12] See *Commonwealth* v. *Cowie,* 404 Mass. 119, 122 n.8 (1989) ("[t]hese rules which impose a limitation on the time allowable

year has elapsed from the date of verdict or sentence, whichever is later, *may enlarge the time* for filing a notice of appeal" (emphasis supplied).

[11]Rule 26 (b) of the Federal Rules of Appellate Procedure states in relevant part: "The court for good cause shown may upon motion enlarge the time . . . for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal, a petition for allowance, or a petition for permission to appeal."

[12]The importance placed on the time limits for filing a notice of appeal is reflected throughout the appellate rules. For example, Mass. R. A. P. 2, 365 Mass. 845 (1974), grants an appellate court or single justice the power to suspend any rule of appellate procedure except rule 14 (b), and Mass. R. A. P. 3 (a), as amended, 378 Mass. 927 (1979), states that the validity of an appeal will not be affected by the failure to take any step, except that of timely filing a notice of appeal, which by implication is fatal to the appeal. The Reporters' Notes [1979] to Mass. R. A. P. 4, Mass. Ann. Laws, Appellate Procedure, at

for pursuing an appeal are unquestionably reasonable in light of the Commonwealth's legitimate interest in having judgments become final").

It is in the interests of judicial economy to allow this appeal to proceed. The dismissal of the appeal provides an additional ground for yet another motion for postconviction relief based on the claim of ineffective assistance of counsel for failure to file the notice of appeal within the time specified by rule 4 (b).[13] Moreover, in this case, the clerk in the trial court assembled the record, the appeal was docketed without objection in the Appeals Court, and counsel for the defendant filed a brief and record appendix after seeking and being granted several extensions of time, not opposed by the Commonwealth. The delay in filing the notice of appeal resulted in no prejudice to the Commonwealth, which had been on notice of the defendant's claims from October, 1992, when he filed a pro se motion for a new trial.

The Commonwealth has filed no brief addressing the merits of the defendant's claims on appeal. See note 4, *supra.* This matter shall proceed in the Appeals Court in a manner consistent with this opinion. That court shall consider the motion for an enlargement of time to file a notice of appeal previously filed by the defendant.

*So ordered.*

---

24 (Lexis 1997), state:

> "Subdivision (c) [of Mass. R. A. P. 4] permits the lower court to extend the time for filing a notice of appeal by an additional thirty days upon 'a showing of excusable neglect.' Such an extension, whether granted before or after the expiration of the thirty days prescribed by subdivision (b), may not enlarge the time beyond sixty days after the verdict or finding of guilt or imposition of sentence. See *Silvia* v. *Laurie*, [594 F.2d 892 (1st Cir. 1978)]. Compare Mass. R. A. P. 14 (b) (Appellate court or single justice may extend time for noticing appeal up to one year after verdict or sentence)."

[13]The defendant may file such a request for relief "at any time." Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). See *Commonwealth* v. *Cowie*, 404 Mass. 119, 123 (1989) ("Rule 30 [b] does not contain a time limitation, but its application permits examination of the claimed errors to determine whether the defendant was deprived of any constitutionally protected rights by his failure to appeal").