LEMIRE, J.
*620 This is an appeal by the Commonwealth from the sua sponte dismissal of a complaint for trespass issued from the Dorchester Division of the Boston Municipal Court (BMC). When the defendant failed to appear for the first pretrial conference on September 21, 2016, the judge asked the prosecutor for the facts of the case. The prosecutor summarized the police report, which indicated the charge was brought on July 15, 2016, after the homeless defendant refused to vacate his friend's residence where he had been staying temporarily. Upon hearing these facts, the judge dismissed the complaint, over the Commonwealth's objection, *621 because the defendant had not "been in any new trouble" in the two months since the incident.
More than seven months after the dismissal, the Commonwealth submitted a motion to file a late notice of appeal to the single justice of this court; the motion was granted, and the defendant did not appeal therefrom. The Commonwealth argues on appeal that the BMC judge exceeded her constitutional authority when she dismissed the complaint. Rather than submitting a brief, the defendant has taken the unusual step of filing a motion to dismiss the appeal on grounds that the single justice abused his discretion when he allowed the Commonwealth's motion to file a late notice of appeal. We address the propriety of filing a motion to dismiss in the first instance in this court before turning to the merits of the Commonwealth's appeal.
1. Motion to dismiss. In its broadest terms, an appeal is "a legal proceeding by which a case is brought from a lower to a higher court for rehearing." Webster's Third New International Dictionary 103 (2002). To ensure that the appellate process is undertaken with due regard to fairness and the efficient administration of justice, certain guiding principles and procedures have been set in place. See generally Massachusetts Rules of Appellate Procedure; Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 378, 330 N.E.2d 488 (1975) ("The purpose of the Massachusetts Rules of Appellate Procedure is to simplify and expedite appellate procedure"). While these principles clearly encompass the ability to obtain review of an "action of a single justice" in an appellate court, Mass.R.A.P. 15(c), 365 Mass. 859 (1974), they also set forth specific requirements for perfecting that or any appeal.
An aggrieved party must first file a notice of appeal in the court in which the order or judgment was entered and from which an appeal is being taken. See Mass.R.A.P. 3(a), as amended, 378 Mass. 927 (1979) ("An appeal permitted by law from a lower court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by [ Mass.R.A.P. 4, as amended, *1132 430 Mass. 1603 (1999) ]"); Mass.R.Crim.P. 15(b)(1), as appearing in 422 Mass. 1501 (1996) (requiring notice of appeal to be filed in trial court before pursuing interlocutory appeal); Commonwealth v. Cowie, 404 Mass. 119, 119-120, 533 N.E.2d 1329 (1989) (failure to file notice of appeal results in loss of right to direct appeal).
An appeal from an order of the single justice is no different. Our rule 2:02 provides that the litigant must proceed in "the same manner as if the single justice were the 'lower court' within the *622 meaning" of the Massachusetts Rules of Appellate Procedure. In other words, a litigant must comply with the Massachusetts Rules of Appellate Procedure, which require the filing of a notice of appeal in the court in which the order or judgment appealed from was entered. See Mass.R.A.P. 3(a). Although there is a notation in rule 2:02 that it is "[a]pplicable to civil cases," rule 2:02 is instructive in criminal cases; its application to criminal cases is consistent with the pervasive requirement that a civil or criminal appeal must proceed from a timely filed notice of appeal.
In this case, the sole issue raised in the defendant's motion to dismiss concerns the single justice's conclusion that good cause justified the Commonwealth's delay in filing its notice of appeal. To challenge that decision, the defendant should have commenced an appeal by filing a notice of appeal. Because he did not do so, his challenge to the order of the single justice is not properly before this court. See Cowie, 404 Mass. at 119-120, 533 N.E.2d 1329 (direct appeal not permitted where notice of appeal not filed within permitted time period); Commonwealth v. Burns, 43 Mass. App. Ct. 263, 266, 683 N.E.2d 284 (1997) (appeal dismissed because notice of appeal was filed fourteen months late, which exceeds one-year time period in which this court can extend time for filing notice of appeal). See also Commonwealth v. Jordan, 469 Mass. 134, 148-149, 12 N.E.3d 371 (2014) (single justice must resolve any issues related to timeliness of notice of appeal before ruling on substance of application seeking interlocutory appeal).
The defendant attempts to avoid this result by arguing that in Commonwealth v. Linhares, 80 Mass. App. Ct. 819, 957 N.E.2d 243 (2011), we provided an alternative mechanism for obtaining review, namely by filing a motion to dismiss the appeal directly in the appellate court. The defendant's interpretation paints the discussion in Linhares with too broad a brush.
In Linhares, the Commonwealth filed a notice of appeal in the trial court twenty days late, together with a motion for leave to extend the time to file an appeal.[1] Id. at 821-822, 957 N.E.2d 243. After the trial judge allowed the motion to file a late notice of appeal, the defendant moved for reconsideration on grounds that the Commonwealth had not established excusable neglect; the judge denied the defendant's motion. Id. at 822, 957 N.E.2d 243. "[T]he defendant did not *623 appeal from the judge's allowance of the motion to file a late notice of appeal or from the denial of his motion for reconsideration; he also did not file a cross appeal or move to dismiss the appeal" (emphasis added). Ibid.
Nevertheless, the defendant in Linhares argued on appeal "that the judge abused his discretion when he allowed the Commonwealth's motion to file a late notice of appeal." Ibid. The defendant conceded that he had not taken any of the steps outlined *1133 above to pursue his appeal from the allowance of the Commonwealth's motion to file a late notice of appeal, but claimed "that a challenge to the lateness of an appeal is jurisdictional, and that such a challenge is appropriate at any stage of the proceeding." Ibid. We rejected the defendant's characterization of his claim as jurisdictional and ruled that because he had not "properly appealed from the order allowing the motion to file a late notice of appeal or moved to dismiss the appeal, ... the matter [was] not properly before us." Id. at 822-823, 957 N.E.2d 243.
We note that the circumstances in Linhares, in which we mentioned a motion to dismiss as an avenue for challenging a trial judge's order, may be readily distinguished from those present here. Because the notice of appeal filed in Linhares was only twenty days late, the deadline could be enlarged by the trial judge upon a showing of excusable neglect. See Mass.R.A.P. 4(b), as amended, 431 Mass. 1601 (2001); Mass.R.A.P. 4(c), as amended, 378 Mass. 928 (1979). Thus, the timeliness of the notice of appeal could be and was litigated in the trial court. In this setting, our inclusion in Linhares of a motion to dismiss as a method available to the defendant to challenge a ruling of the trial judge was appropriate, because motions to dismiss are part of the everyday lexicon of the trial court, which is not true in an appellate court.
Here, because the notice of appeal was filed seven months late, only an appellate court or a single justice thereof was permitted to extend the time (but not beyond one year from the date the judgment or order being appealed from was entered in the trial court). See Burns, 43 Mass. App. Ct. at 265, 683 N.E.2d 284 ; Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979). Rule 15(c) of the Massachusetts Rules of Appellate Procedure, 365 Mass. 859 (1974), states that "a single justice may not dismiss ... an appeal," thus plainly prohibiting the application of the "motion to dismiss" language in *624 Linhares to a single justice matter.[2] Moreover, because the function of an appellate court is to review trial court actions, we do not view it as an appropriate venue in which to file a motion to dismiss challenging the exercise of discretion by a trial judge. See Commonwealth v. Zannino, 17 Mass. App. Ct. 73, 75, 455 N.E.2d 1221 (1983) (discussing review of motion to dismiss). For these reasons, we consider the mention of a motion to dismiss in Linhares as limited to the situation presented therein, namely where the notice of appeal is not more than thirty days late and its timeliness can still be addressed in the trial court, together with any related motion to dismiss.
Here, because the defendant challenges the single justice's exercise of discretion, rather than raising an issue that bars the appeal from going forward, a motion to dismiss is inappropriate.[3] The defendant should have challenged the single justice's order allowing the Commonwealth's *1134 late notice of appeal by filing an appeal therefrom, and his failure to do so is fatal to his claim.
2. Commonwealth's appeal. Next, we consider whether the BMC judge was permitted to dismiss a complaint over the Commonwealth's objection. "In the context of criminal prosecutions, the executive power affords prosecutors wide discretion in deciding whether to prosecute a particular defendant, and that discretion is exclusive to them." Commonwealth v. Cheney, 440 Mass. 568, 574, 800 N.E.2d 309 (2003). "Judicial review of decisions which are within the executive discretion of the [prosecutor] would constitute an intolerable interference by the judiciary in the executive department of the government and would be in violation of art. 30 of the Declaration of Rights."[4] Shepard v. Attorney Gen., 409 Mass. 398, 401, 567 N.E.2d 187 (1991) (quotation omitted). "Thus, when a judge, '[w]ithout *625 any legal basis ... preempt[s] the Commonwealth's presentation of its case [t]hat action effectively usurp[s] the decision-making authority constitutionally allocated to the executive branch.' " Cheney, 440 Mass. at 574, 800 N.E.2d 309, quoting from Commonwealth v. Gordon, 410 Mass. 498, 501, 574 N.E.2d 974 (1991). "Pretrial dismissal, over the Commonwealth's objection, of a valid complaint or indictment before a verdict, finding, or plea, and without an evidentiary hearing basically quashes or enters a nolle prosequi of the complaint or indictment." Commonwealth v. Pellegrini, 414 Mass. 402, 404, 608 N.E.2d 717 (1993). "[T]he decision to nol pros a criminal case is within the discretion of the executive branch of government, free from judicial intervention." Gordon, 410 Mass. at 500, 574 N.E.2d 974.
In this case, the judge appeared to dismiss the complaint against the defendant because she did not believe it was a case that should be prosecuted. This belief is not a sound basis upon which to dismiss the complaint. See Commonwealth v. Morgan, 476 Mass. 768, 780, 73 N.E.3d 762 (2017) ("In the absence of a legal basis to do so, it is well established that a judge may not dismiss a valid complaint over the Commonwealth's objection"). In addition, the defendant did not file a motion under Mass.R.Crim.P. 13(c), as appearing in 442 Mass. 1516 (2004), or under any other rule, asserting any ground for dismissal, and the judge did not identify any legal ground for dismissing the complaint. Absent a legitimate basis that appears from the record, that is sanctioned by statute or rule, and that does not run afoul of constitutional principles, the decision regarding whether the prosecution of the defendant is a wise use of prosecutorial discretion belongs to the executive branch alone, and the judge erred in usurping that authority. See and contrast Morgan, 476 Mass. at 776-781, 73 N.E.3d 762.
Order dismissing complaint reversed.

The Commonwealth was appealing from the judge's allowance of a motion for a required finding of not guilty after the discharge of the jury. Linhares, 80 Mass. App. Ct. at 821, 957 N.E.2d 243.

We note that "[a]ny party adversely affected by [an action of the single justice] may request reconsideration, vacation, or modification of such action." Mass.R.A.P. 15(b), 365 Mass. 859 (1974).

In Linhares, the defendant argued that his challenge to the allowance of the late notice of appeal was jurisdictional, and could be raised at any time. Linhares, 80 Mass. App. Ct. at 822-823, 957 N.E.2d 243. Issues that are jurisdictional in nature or involve a procedural bar present the fairly rare situation in which a motion to dismiss is indeed an appropriate vehicle by which to bring the matter to the attention of either the trial or appellate court. For example, when there is no relevant case law or rule that permits the late appeal or when no notice of appeal has been filed, a motion to dismiss may properly be entertained on appeal. See Burns, 43 Mass. App. Ct. at 265-266, 683 N.E.2d 284.

Article 30 of the Massachusetts Declaration of Rights provides, "In the government of this commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."